.   E. H. KELLY, Guardian of Lucy Grimm, v. THOMAS
MANESS and wife, MAGGIE.

(Decided November 15, 1898.)

### Gift, Delivery of.

There must be an intention to give and a delivery, actual or constructive,
to constitute a gift—and these are facts to be passed upon by a jury.

CLAIM AND DELIVERY, tried before *Allen, J.*, at April
Term, 1898. of Superior Court of MOORE County.

The property claimed, a cow and some bed-room fur-
niture, had been the property of Lewis Grimm, hus-
band of Lucy Grimm, lunatic ward of plaintiff and fa-
ther of defendant Maggie Maness.   He had died intes-
tate, and the property had been included in a year's al-
lowance to the widow, and was sued for by her guar-
dian.   The defendant Maggie claimed the property as a
gift from her father, Lewis Grimm.

As to the cow, there was evidence tending to show
that her father had said that he had given it to Maggie,
when a calf, and that he was not going to take it away
from her.   The cow was raised on the place and fed by
him.

As to the furniture, there was evidence that her fa-
ther had said he bought it for Maggie and had placed it
in her chamber.

His Honor charged the jury, that if they believed the
evidence, they should find that the plaintiff was the
owner and entitled to the possession.

Defendants excepted.

Verdict and judgment for plaintiff, and defendant
appealed.

*Mr. W. C. Douglass*, for defendants (appellants).
*Messrs. Black & Adams*, for plaintiff.

FURCHES, J.:   This action is for the possession of certain articles of personal property.   The plaintiff claims them as the property of her ward, Lucy Grimm, widow of Lewis Grimm, and now a lunatic.   The defendant claims that, her father, Lewis Grimm, who was the husband of Lucy Grimm, during his lifetime gave them to her.

The plaintiff claims that this was the property of Lewis Grimm at the time of his death, except the sewing machine, which the plaintiff says belonged to Lucy, before her marriage with Lewis.   The other property claimed by plaintiff, except the sewing machine was laid off and assigned to the widow Lucy, as a part of her year's support.

The Court left it to the jury to say, from the evidence whether the sewing machine belonged to Lucy or not; and there is no exception to his Honor's charge as to this.

There was evidence tending to show that Lewis had given the other property to the defendant Maggie, who is his daughter.   That he had told Maggie if she would take the calf and raise it, she might have it; that he had after this said he had given it to Maggie and that he would not take it from her.   But the evidence was that the calf remained with the other stock of Lewis, was fed and pastured with them, until it was grown, and had remained there until after the death of Lewis and was laid off to the widow as a part of her year's support.

The other articles were bed-room furniture, bought by Lewis, put in the bed chamber of Maggie, which he

said he had fitted up for her, and frequently spoke of it as Maggie's. That he bought it and gave it to her.

As we see no evidence of a delivery as to the cow, we would not disturb the verdict and judgment as to her, nor as to the sewing machine, if there was no error as to the other property (the bed-room furniture).

But we said in *Newman* v. *Bost*, 122 N. C., 524, that two things are necessary to constitute a gift—the intention to give and a delivery, actual or constructive. And, these are facts to be found by the jury where there is evidence tending to establish them. And that where the donor, in that case, bought a set of bed-room furniture, put it in plaintiff's room, and always after that spoke of it as hers, this was sufficient evidence of a delivery to sustain a finding by the jury that it was her property. Under the authority of this case we are of the opinion that the question as to the title to this property, under proper instructions as to what it takes to constitute a gift, should have been submitted to the jury; and that it was error for the Court to instruct the jury "that if they believed the evidence they should find this issue in favor of the plaintiff."

For this error there must be a new trial.

New trial.