G. L. SWINDELL v. EUREKA SWINDELL.

(Filed 14 September, 1910.)

**Evidence—Personal Property—Gift—Executors and Administrators.**
In an action for possession of a horse brought by the administrator of a deceased husband against the wife, the latter claiming her husband had given her the horse, it is only necessary to show by the greater weight of the evidence, the actual delivery and transfer of possession, and an instruction requiring her to prove further that she "thereafter alone had the control and possession of the horse," is erroneous.

APPEAL by defendant from *O. H. Allen, J.,* at May Term, 1910, of BEAUFORT.

*W. C. Rodman* for plaintiff.
*Small, MacLean & McMullan* for defendant.

WALKER, J. This action was brought to recover the possession of a horse alleged to be unlawfully detained by the defendant. The plaintiff is the administrator of F. R. Swindell and the defendant is his widow. There was evidence tending to show that F. R. Swindell had given the horse to his wife. The plaintiff contended that there had been no actual or symbolical delivery of the horse to the defendant, which was necessary to complete the gift. *Gross v. Smith,* 132 N. C., 604. The evidence tended to show that there had been an actual delivery of the horse to the defendant and an admission by the husband afterwards that it belonged to his wife. With reference to this dispute between the parties, the court charged the jury as follows: "In order to constitute a gift by F. R. Swindell to his wife of the horse in question, she must satisfy you by the greater weight of the evidence that there was an actual delivery and transfer of possession by

him to her at the time, and that she thereafter alone had the control and possession of the horse." To this instruction defendant excepted. If there had been a delivery of the horse to the defendant by her husband, the gift was complete and the property in the horse vested in her. It was not required, in order to complete the gift, that she should continue in the sole possession of the horse. If it was her property, the mere possession and use of the horse afterwards by her husband did not divest or even impair her title, no more than such a possession and use of property, which she had acquired by purchase or which she owned at the time of the marriage, would affect her title to such property. In *Holliday v. McMillan,* 83 N. C., at p. 271, the Court, when considering the competency of a declaration of the wife, while in possession of a buggy, that it belonged to her, and deciding in favor of its competency, said that the "case stands on peculiar grounds. With separate estates held by married persons, and the husband's use of that belonging to the wife, the actual possession can seldom be ascertained except under the rule of law that it follows and attaches to the title. It would, therefore, seem almost unavoidable to admit such declarations made *ante litem* to explain the quality and nature of the possession. They are received, not as proof of ownership, but as an assertion and claim of ownership, and to repel the inference of holding for another, or of a recognition of property in anyone else than the declarant." The instruction of the court was erroneous.

New trial.