Manly, J.
 

 We can see no reason for reversing the judgment rendered in the Court below. Indeed, the case seems tó us so entirely free from any question, that we regret the appellant has not furnished us with the grounds of her appeal.
 

 The certificate, under date of 31st of May, 1856, is evidence of a purpose, on the part of the plaintiff, to set apart the sum -of money, therein mentioned, for the use of Miss Battle, absolutely ; the words are plainly such as would be used between persons making a voluntary and unconditional transfer of pro
 
 *449
 
 perty from one, to the other. This is the definition of a gift.
 

 A gift is no more revocable, in its nature, than a conveyance or transfer of property in other modes. The possession being given with the intent to part with the
 
 property
 
 in the thing, the right of dominion for all purposes goes with it. This is too plain to admit a difference of opinion. The fact disclosed by the instrument of writing, that the money, in question, was .the sum given to Miss Battle, in the will of the plaintiff, does not affect the case. The donor could make a gift of the money
 
 m
 
 presentí, notwithstanding the provision in her will. The will being ambulatory and revocable, either in whole or in part, it was competent for Mrs. Parker, in her life-time, to make any disposition of the money which she might think proper. Such disposition would be obligatory, and the legacy be
 
 adeemed.
 
 The putting the money in the hands of a trustee, during the life of the donor, does not alter the irrevocable nature of the transaction. It might answer the purpose of securing more certainly the enjoyment of her bounty to the object of it, but cannot operate to impair it. The recall of gifts, once validly made, is not among the resources of those who may be excited by passion, or seized with an extraordinary spirit of gain.
 

 Pee Cubiam,
 

 Judgment affirmed.