ZILPHIA HANDLEY v. ANNIE WARREN ET AL.

(Filed 14 March, 1923.)

1. **Gifts—Inter Vivos—Constructive Delivery—Intent—Delivery to Third Person.**

   It is not necessary to the validity of a gift *inter vivos* that delivery be made directly to the donee, if it is made by the donor to another for him with the dominant intent at the time to pass the title.

2. **Same—Judgments—Questions of Law—Questions for Jury—Appeal and Error—Trials.**

   The defendant, heir at law of the deceased, abandoned her purpose to caveat his will in favor of the plaintiff, and there was evidence in defendant's behalf that she and the plaintiff agreed with the clerk of the court, with whom the executor had deposited in settlement, moneys belonging to the estate, that each of the parties should be entitled to a half thereof, and that the clerk should invest it for them: *Held*, upon judgment for plaintiff as a matter of law, the evidence, on appeal, will be considered in the light most favorable to the defendant; and it was reversible error for the trial judge not to submit the question of a valid delivery of the property to the jury.

APPEAL by defendant from *Allen, J.,* at October Term, 1922, of WAYNE.

Civil action to determine the ownership of $700 in the hands of the clerk of the Superior Court of Wayne County.

From a judgment in favor of plaintiff, the defendant, Annie Warren, appealed.

*Dickinson & Freeman for plaintiff.*
*Godwin & Jernigan and George E. Hood for defendant.*

STACY, J.   In 1919, W. J. Handley died leaving a last will and testament in which he devised and bequeathed all of his property, both real and personal, to his stepmother, Zilphia Handley.   The defendant Annie Warren is the testator's only surviving sister.   She was dissatisfied with the provisions of her brother's will, and thought at one time that she would file a caveat to have it set aside or to determine its validity; but this was not done.   James M. Wood, executor under the will of W. J. Handley, after paying the testator's debts, turned over the balance in his hands, $1,525.90, to the clerk of the Superior Court of Wayne County. Shortly thereafter, according to the defendant's evidence, Zilphia Handley and Annie Warren, who were then living together, entered into an agreement that the money in the clerk's hands should be divided equally between them.   They went before the clerk, told him of their agreement, and asked that he put each one's part out at interest for twelve months.

This the clerk agreed to do, stating that the division could be made in this way. Each drew $100 out of the clerk's hands at the time, and signed a joint receipt for $200. Subsequently, Zilphia Handley withdrew from the clerk's hands practically all of her portion of the funds, and now contends that she is entitled to the balance of the original sum because there was no sufficient delivery by her of any part of the money which she agreed to give to Annie Warren. The court below accepted this view of the matter, and rendered judgment for the plaintiff. The defendant contends that the gift was complete, or, at least, that the evidence should have been submitted to the jury for their consideration and determination.

We think his Honor erred in taking the case from the jury. True, the decisions in this jurisdiction have been very insistent upon the position that, in order to constitute a valid gift of personal property *inter vivos,* there must be an actual or constructive delivery of the thing given with the present intent to pass the title to the donee. *Parker v. Mott,* 181 N. C., 435; *Thomas v. Houston,* 181 N. C., 91. But, considering the defendant's evidence in its most favorable light, the accepted position on a demurrer, we think the case should have been submitted to the jury. The test of a valid delivery, which will legalize a gift of personal property *inter vivos* and render it absolute, is such a transfer of the property, in conjunction with the donative intent, as will completely deprive the donor of his dominion over the thing given. *Cook v. Lum,* 55 N. J. L., 373. "To constitute a valid gift *inter vivos,* there must be an intention to give and a delivery to the donee, or to some one for him, of the property given." *Harris Banking Co. v. Miller,* 1 L. R. A. (N. S.), 790.

The evidence here upon the question of delivery is susceptible of more than one construction, and this makes it a question for the jury.

New trial.