ROCKY MOUNT SAVINGS AND TRUST COMPANY AND MRS. ANABEL ROSS, ADMINISTRATORS OF T. N. ROSS, DECEASED, v. ÆTNA LIFE INSURANCE COMPANY.

(Filed 1 March, 1933.)

1. **Insurance E d—Evidence of waiver of right to reject application for reinstatement by failure to act thereon in reasonable time held sufficient.**

Where, after the forfeiture of a policy of life insurance for nonpayment of premiums, the insured makes application with the company for reinstatement according to the terms of the policy contract, and remits his check in the amount necessary therefor, and the insurer accepts the check, but requires a physical examination of the insured before reinstating the policy, but notice of such requirement is not given the insured although twenty-one days elapse between the time the insured's agent received the information from the company and the time the insured was seized with fatal sickness: *Held,* the evidence is sufficient to be submitted to the jury on the issue of whether the insurer waived its right to reject the application by failing to act thereon within a reasonable time.

2. **Trial E c—**

Although it is not required by law that the trial judge should state the contentions of the parties to the jury, C. S., 564, the practice has grown up in our courts as a helpful and accepted procedure, and a fair statment of the contentions of a party will not be held for error upon exception.

CIVIL ACTION, before *Frizzelle, J.* From NASH.

This cause has heretofore been considered by this Court in two appeals, the first reported in 199 N. C., p. 465, and the second reported in 201 N. C., p. 552, in which the facts are set forth in detail.

One issue was submitted to the jury, as follows: "Did the defendant, Ætna Life Insurance Company, waive the forfeiture of the policy of insurance No. N-515135.?" The jury answered the issue, "Yes," and there was judgment upon the verdict.

The trial judge instructed the jury as follows: (a) "If you believe the defendant's evidence, you will answer the issue 'No.'" (b) "If you find the facts to be as testified by the defendant's witness you will answer the issue 'No.'"

From judgment entered the defendant appealed.

*Cooley & Bone and Vaughan & Yarborough for plaintiff.*
*Murray Allen for defendant.*

BROGDEN, J. On 1 November, 1927, the policy of life insurance of the deceased, T. N. Ross, issued by the defendant company, lapsed, subject to the contract right of the insured to apply for reinstatement as provided in the policy. On 7 November, 1927, the general agent of the defendant at Raleigh wrote to the insured, calling his attention to the fact that he had a right to submit a request for reinstatement of his policy and stated, "If you are not prepared to pay the full amount of the premium, $26.72, we will be glad to accept a partial payment of $10.00 and extend the balance of the premium, if you will sign the enclosed note, partially filled out." On 8 November, the insured signed the application for reinstatement, declaring in effect that he was in good health so far as he knew, and enclosed therewith a check for $10.00. On 10 November, the general agent acknowledged receipt of the check and the application for reinstatement and forwarded the same to the home office of the defendant at Hartford, Connecticut, where it was received on 18 November. On 21 November, the home office referred the application for reinstatement to the medical department. The medical department required further physical examination. On 22 November, the home office notified the general agent at Raleigh that a complete medical examination of the insured was necessary before passing upon the application for reinstatement. On 26 November, Upshaw, the general agent at Raleigh, advised Bartholomew, the local agent in Nashville, North Carolina, that a complete medical examination of the insured was required, "by one of the company's regular examiners." The letter further stated, "If it is not convenient for you to attend to this matter for us, kindly advise us and we will be glad to write to the insured

direct." The insured was then living in Nashville, and the evidence disclosed that the insured "did not receive any request from Mr. Upshaw or the Ætna Life Insurance Company, or any of its representatives for a physical examination." The wife of the insured testified that he "went to work every day. He was taken sick on Monday before Christmas (20 December, 1927), and was carried to the hospital on Thursday. Mr. Ross did not have any illness of any kind from the time he had an attack of gastritis or other illness in July up until the time he was taken sick in December. He did not take any medicine of any kind that I know of during that time." Throughout this period of time Bartholomew, the local agent, had an office "right across the street from my husband's office . . . within a half block," etc.

Consequently, it is clear that for a period of approximately twenty-three days, while the insured was apparently in good health, no notice was given to him of the requirement for a medical examination and no opportunity afforded for complying with the request of the insurer prior to his death. In the meantime, the defendant, having cashed the check of the insured for $10.00, retained the same until after death, when an offer to return the same was made to the administrator.

Authority is not lacking that under such circumstances a waiver may be inferred by a jury. Couch Cyclopedia Insurance, Vol. 6, section 1375. *Lechler v. Montana Insurance Co.,* 186 N. W., 271, 23 A. L. R., 1193; *Life & Casualty Co. of Tennessee v. Street,* 105 Southern, 672. In the latter case the Court said: "Hence the authorities have soundly held that undue delay in acting upon the application, or failure to communicate to the insured the fact of the rejection of his application, may amount to a waiver of formal requirements, and operate as an effective revival." See *Lovick v. Life Association,* 110 N. C., 93, 14 S. E., 506; *Garland v. Ins. Co.,* 179 N. C., 67, 101 S. E., 616; *Coile v. Commercial Travelers,* 161 N. C., 105, 76 S. E., 622.

In the opinion in a former appeal in this case, 201 N. C., 552, it did not appear when the insured was stricken with sickness or that notice of the requirements for a new medical examination had not been communicated during the time he was apparently in good health. Therefore, it is the opinion of the Court that there was sufficient evidence to be submitted to the jury on the issue of waiver, and hence the verdict is determinative.

Moreover, the special instructions given by the trial judge, viewed in the light of the evidence produced at the hearing, were more favorable than all the testimony warranted.

The defendant excepts to the statement of its contentions by the trial judge. There is no law requiring trial judges to state the contentions of litigants. The statute C. S., 564, enjoins the statement of the evidence

"in a plain and correct manner." However, the statement of the contentions has steadily grown into an accepted and helpful body of practice in trial courts. While counsel have sometimes insisted, in rare instances, that such statements were partial and bore the tang of the "stump"; nevertheless, the practice springs from a worthy and intelligent effort to designate and clarify to the jury, the determinative issues of fact. They tend to clear the battlefield of smoke and noise. Writing upon the subject in *Clark v. R. R.,* 109 N. C., 430, 14 S. E., 43, *Avery, J.,* declared: "It was not error in the court to recapitulate fairly such contentions as illustrated the bearing of the evidence upon the issues. It is often helpful, if not necessary, for the court to do so, in order that they understand how to apply the law to the testimony."