## STATE v. CHARLIE COLSON.

### (Filed 23 September, 1942.)

**1. Intoxicating Liquor §§ 4d, 9c—**

On a criminal prosecution for unlawful possession of intoxicating liquors, evidence of other sales is competent to prove *quo animo,* relevancy and not immediateness being the true test.

**2. Criminal Law § 53a: Trial § 33—**

A judge is not required by law to state the contentions of the litigants.

**3. Trial § 33—**

Where a judge in his charge states the contentions of one of the parties he must also fairly state the contentions of the adversary party. A failure to do so will be held for error.

**4. Intoxicating Liquor § 9b—**

Upon a trial on indictment for the sale of intoxicants there was evidence of sales at undisclosed times. *Held:* It will not be presumed that such sales occurred more than two years next preceding the prosecution when defendant has not pleaded C. S., 4512, or in apt time called it to the court's attention or offered evidence as to the dates of sale.

**5. Criminal Law § 53a—**

When there is evidence of several sales, a charge that if the jury finds that defendant made a sale of intoxicating liquor they should return a verdict of guilty is not objectionable as being too general.

APPEAL by defendant from *Dixon, Special Judge,* at March Term, 1942, of CURRITUCK. No error.

Criminal prosecution on a two-count bill of indictment charging (1) the unlawful possession of intoxicating liquors for the purpose of sale; and, (2) the unlawful sale of intoxicating liquors.

There was evidence that on 12 February, 1942, defendant sold one William Brinkley one quart of A.B.C. liquor at his place of business in Currituck County. The testimony tends to show that defendant had made other sales to other parties.

The officers searched the premises of the defendant and found drinking glasses with the odor of whiskey therein; one quart bottle about one-third full of whiskey; empty bottles in his place of business and a large quantity of broken bottles in a ditch about 10 or 20 feet from the rear door thereof.

There was a verdict of guilty on both counts. From judgment thereon the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*
*P. G. Sawyer and R. Clarence Dozier for defendant, appellant.*

BARNHILL, J.   There was evidence that the defendant had in his possession a certain quantity of liquor. Under the circumstances of this case such possession was not unlawful unless it was for the purpose of sale. The testimony tending to show that defendant had made sales of whiskey was competent, therefore, to prove the *quo animo*. *S. v. Simons,* 178 N. C., 679, 100 S. E., 239, and cases cited; *S. v. Crouse,* 182 N. C., 835, 108 S. E., 911. "Immediateness is not the true test, but relevancy." *S. v. Beam,* 184 N. C., 730, 115 S. E., 176. Apparently, the sales were made at about the same time. If this was not the fact the defendant could have so shown by cross-examination of the witnesses. In any event, it does not appear that the sales were so remote, in point of time, as to constitute evidence thereof irrelevant. Defendant's exceptions thereto cannot be sustained.

The defendant excepts for that the court, after stating the contentions of the State, failed to give in its charge any contentions of the defendant.

There is no law requiring the judge to state the contentions of litigants to the jury. *Trust Co. v. Ins. Co.,* 204 N. C., 282, 167 S. E., 854. When, however, the judge states the contentions of one of the parties he must fairly charge also as to the contentions of the adversary litigant. The failure to do so will be held for error. *Messick v. Hickory,* 211 N. C., 531, 191 S. E., 43. A careful examination of the record fails to disclose any error in this respect. It is true that one of the paragraphs of the charge begins, "The State contends and offers evidence tending to show." This, however, is followed only by a summary of the testimony of each witness. Hence, the court did not undertake to give any of the contentions.

The essential elements of the offense charged in the first count were explained to the jury. On the second count the court charged:

"If you should find from the evidence, beyond a reasonable doubt, that the defendant, Charlie Colson, made a sale of intoxicating liquor, it will be your duty to return a verdict of guilty on this count."

What more could the court have said in declaring and explaining the law on this feature of the case? The word "sale" is in common use among all classes. Its meaning is generally known and readily understood. Any further definition or explanation would have been of little or no benefit to the jury. Its use explained and made known to the jury the nature of the crime charged and constituent elements thereof. Its failure to amplify in this respect cannot be held for prejudicial error. *S. v. Graham,* 194 N. C., 459, 140 S. E., 26; *Sherrill v. Hood, Comr.,* 208 N. C., 472, 181 S. E., 330; *S. v. Puckett,* 211 N. C., 66, 189 S. E., 183.

The bill charged that the defendant "did unlawfully and wilfully barter, sell . . . intoxicating liquors." There was evidence of several sales but the exact time of some of them is not disclosed. The defendant did not plead the statute, C. S., 4512, or in apt time call it to the attention of the court. Nor did he, by cross-examination of the witnesses for the State or by independent evidence, undertake to show that such sales were not recently made within the two-year period. The defendant cannot now complain either that the language of the court was too general or that it failed to confine its charge to the evidence of the sale to Brinkley. *S. v. Brinkley,* 193 N. C., 747, 138 S. E., 138.

A careful examination of the other exceptive assignments of error leads us to the conclusion that no material or prejudicial error is disclosed.

In the judgment below there is
No error.