ADA CHESTNUTT v. ISAIAH DURHAM, DALE RAYNOR, ADMINISTRATRIX OF THE ESTATE OF MARY ELIZA McCULLEN, DECEASED, AND DALE RAYNOR, INDIVIDUALLY, AND ED RAYNOR, ADMINISTRATOR OF IDA RAYNOR, DECEASED.

(Filed 22 March, 1944.)

**1. Gifts §§ 1, 2—**

　　An owner of personalty may make a valid gift thereof, *inter vivos,* with the right of enjoyment in the donee postponed until after the death of the donor, if the subject of the gift is delivered to a third person to be

given to donee on donor's death, the donor thereby intending to part with all control over the property.

**2. Evidence § 15—**

Statements on cross-examination, which conflict with and contradict the testimony of the witness made on direct examination, affect only his credibility and do not warrant a withdrawal of the case from the jury.

APPEAL by defendant, Dale Raynor, individually, and as administratrix of the estate of Mary Eliza McCullen, from *Burgwyn, Special Judge,* at September Term, 1943, of WAYNE.    No error.

Some time about 1928 Mary Eliza McCullen, who lived on or near the land of defendant, Isaiah Durham, carried to his home a fruit jar containing $1,000.00 in currency.    She and Durham buried the jar near an outhouse on his land, and she requested him to look after it and at her death to give it to her two sisters, plaintiff and Ida Raynor.

About five years later she went back and inquired about the money. She and Durham then dug it up, and she examined it to see if it was damaged.    Finding it in good condition, they reburied it.    Shortly thereafter she moved some fifteen miles away and made no further inquiry about it.    She died 25 April, 1943.    Durham then told the plaintiff about the money and stated he would give it to her and Ida but her brother objected and he would have to turn it over to the administrator.

Durham delivered the money to the defendant, Dale Raynor, Administratrix, and plaintiff instituted this action to recover same.    On motion, Ed Raynor, Administrator of Ida Raynor, deceased, the other sister, was made party defendant.    Defendant, Dale Raynor, Administratrix, admitted the receipt of the money but denied there was any valid gift *inter vivos* and asserted ownership as administratrix.    She likewise pleaded a cross action against Durham, alleging that he, Durham, received $2,000.00 and had accounted for only $1,000.00.

At the trial below, when plaintiff rested, defendant Dale Raynor, Administratrix, admitted she had no competent evidence to support her cross action.    Thereupon, judgment of nonsuit as to Durham was entered by consent.    Appropriate issues were submitted to and answered by the jury in favor of plaintiff.    From judgment thereon defendant, Dale Raynor, individually and as Administratrix, appealed.

*Faircloth & Faircloth for plaintiff, appellee.*

*J. Faison Thomson for defendant Dale Raynor, individually and as Administratrix, appellant.*

BARNHILL, J.    A person may make a valid gift *inter vivos* with the right of enjoyment in the donee postponed until the death of the donor.

CHESTNUTT v. DURHAM.

The rule governing such gifts is stated in American Jurisprudence as follows:

"It is, of course, competent for an owner of personal property to make, and he may make, a valid gift thereof, with the right of enjoyment in the donee postponed until the death of the donor, if the subject of the gift is delivered to a third person, with instructions to deliver it to the donee on the donor's death, and if the donor parts with all control over it, reserves no right to recall it, and intends thereby a final disposition of the property. In such a case, where the gift is absolute, postponement of the delivery and enjoyment of the gift does not necessarily prevent the passing of a present interest, even though possession by the donee is not obtained until after the donor's death." 24 Amer. Jur., 749.

This rule has been approved and adopted in this jurisdiction. *Parker v. Ricks,* 53 N. C., 447; *Handley v. Warren,* 185 N. C., 95, 116 S. E., 168. See also Anno. 3 A. L. R., 902; 60 A. L. R., 1055.

Durham testified in part that Mary Eliza McCullen, at the time she delivered the money to him, said: "I want you to take this money and keep it until I die, and when I die I want you to give it to my two sisters." This evidence, together with the other facts and circumstances appearing from the testimony, when considered in the light most favorable to the plaintiff, is amply sufficient to require the submission of appropriate issues to the jury.

It is true that Durham, on cross-examination, made statements which are in conflict with and tend to contradict his testimony given on direct examination. These statements were in large measure an attempt on his part to give his interpretation of the effect of his transaction with the donor. At most they only tend to weaken his former testimony. They do not warrant a withdrawal of the case from the jury. It must determine the weight and credibility of the evidence. *Hadley v. Tinnin,* 170 N. C., 84, 86 S. E., 807; *Tomberlin v. Bachtel,* 211 N. C., 265, 189 S. E., 769, and cases cited.

Appellant, Administratrix, is custodian of the fund. She must account to the true owners. Hence, evidence tending to show ownership in plaintiff and the administrator of her deceased sister was competent.

The case is one of fact, and the jury has weighed the evidence and rendered its verdict in a trial free from error. Its verdict is conclusive.

No error.