GEORGE M. BRANNON v. H. A. ELLIS and JOHNNY RUSSELL ELLIS, A MINOR, BY HIS GUARDIAN AD LITEM HENRY A. ELLIS,

and

MRS. LEOMA BRANNON v. H. A. ELLIS and JOHNNY RUSSELL ELLIS, A MINOR, BY HIS GUARDIAN AD LITEM HENRY A. ELLIS.

(Filed 7 April, 1954.)

**1. Trial § 31b—**

 Even when the parties waive a recapitulation of the evidence, it is the duty of the court to state the evidence to the extent necessary to explain the application of the law to every substantial and essential feature of the case without a request for special instructions. G.S. 1-180.

**2. Same—**

 It is not sufficient for the court to read a statute or to state the applicable law bearing on an issue in controversy, and leave the jury unaided to apply the law to the facts.

**3. Same—**

Statement of the evidence solely in the form of contentions is insufficient to meet the requirements of G.S. 1-180.

**4. Trial § 31f—**

The court is not required by law to state the contentions of the parties to the jury, but when he states the contentions of one party he must state the pertinent contentions of the adverse party with equal stress. This rule does not require that the statement of the respective contentions of the parties be of equal length.

APPEAL by plaintiffs from *Williams, J.,* December Term, 1953, of LEE.

These are consolidated actions growing out of an automobile collision which occurred at the intersection of Hickory Avenue and Fourth Street in the City of Sanford, on 22 March, 1953.

The plaintiff George M. Brannon, whose car was damaged in the collision, is seeking to recover property damages from the defendants. The plaintiff Mrs. Leoma Brannon, the wife of George M. Brannon, who was driving her husband's car at the time of the collision with the automobile owned by the defendant H. A. Ellis and which was being driven by his son, the defendant Johnny Russell Ellis, is seeking to recover for personal injuries sustained as a result of said collision.

The plaintiffs allege in their respective complaints that the defendant Johnny Russell Ellis, the driver of the automobile of the defendant H. A. Ellis, operated said automobile in a careless, reckless, and negligent manner, which was the sole proximate cause of the damages to the automobile of the plaintiff George M. Brannon, and of the personal injuries sustained by the plaintiff Mrs. Leoma Brannon.

The defendants in their respective answers to the complaints denied the allegations of negligence on the part of the defendant Johnny Russell Ellis; alleged that the plaintiffs' damages and injuries resulted solely from the negligence of the driver of the Brannon car, to wit: Mrs. Leoma Brannon; pleaded contributory negligence on the part of Mrs. Brannon; and set up a counterclaim against the plaintiffs for $1,000.00 for damages to the car of H. A. Ellis.

The jury found on appropriate issues that the plaintiffs were not damaged and injured by the negligence of the defendants as alleged in the complaints, but that the automobile of H. A. Ellis was damaged by the negligence of the plaintiff Mrs. Leoma Brannon, as alleged in the answers, and awarded the defendant H. A. Ellis damages against the plaintiffs in the sum of $800.00.

Judgment was accordingly entered on the verdict and the plaintiffs appeal, assigning error.

*Gavin, Jackson & Gavin and Hoyle & Hoyle for appellants.*
*Pittman & Staton and Edwin B. Hatch, Jr., for appellees.*

DENNY, J.   The plaintiffs entered forty-four exceptions to the court's charge to the jury, a number of which are meritorious.   In addition thereto, they excepted to and assign as error the failure of the charge to comply with the requirements of G.S. 1-180, "in that the court did not state in a plain and correct manner the evidence of the plaintiffs and declare and explain the law arising thereon, and did not state the material facts and apply the law thereto, and failed to give the contentions of the plaintiffs with equal vigor and warmth, . . . although it gave a few in a narrative form and in a negative way, and arrayed elaborately and fully and clearly the contentions of the defendants, and instructed the jury according to defendants' contentions, and gave undue prominence and attention to the defendants' contentions as contrasted with . . . the plaintiffs' contention(s) . . ."

The parties waived a recapitulation of the evidence by the court, and the jury was so informed.   However, such waiver did not relieve the court of the duty to declare and explain the law arising on the evidence of the respective parties.   *Mack v. Marshall Field & Co.,* 218 N.C. 697, 12 S.E. 2d 235.   It is not sufficient for the court to read a statute or to state the applicable law bearing on an issue in controversy, and leave the jury unaided to apply the law to the facts.   *Chambers v. Allen,* 233 N.C. 195, 63 S.E. 2d 212; *S. v. Sutton,* 230 N.C. 244, 52 S.E. 2d 921; *Lewis v. Watson,* 229 N.C. 20, 47 S.E. 2d 484, and cited cases.

It is the duty of the court to state the evidence "to the extent necessary to explain the application of the law" arising thereon.   G.S. 1-180.   In both civil and criminal cases, it is imperative, in the charge to the jury, that the law be declared, explained and applied to the evidence bearing on the substantial and essential features of the case without any request for special instructions.   *Hawkins v. Simpson,* 237 N.C. 155, 74 S.E. 2d 331; *Bank v. Phillips,* 236 N.C. 470, 73 S.E. 2d 323; *Childress v. Motor Lines,* 235 N.C. 522, 70 S.E. 2d 558; *Howard v. Carman,* 235 N.C. 289, 69 S.E. 2d 522; *Chambers v. Allen, supra; Flying Service v. Martin,* 233 N.C. 17, 62 S.E. 2d 528; *Smith v. Kappas,* 219 N.C. 850, 15 S.E. 2d 375; *Ryals v. Contracting Co.,* 219 N.C. 479, 14 S.E. 2d 531; *Mack v. Marshall Field & Co., supra; Spencer v. Brown,* 214 N.C. 114, 198 S.E. 630; *Williams v. Coach Co.,* 197 N.C. 12, 147 S.E. 435.

The court in the charge under consideration did not state the evidence to the extent necessary to explain the application of the law arising thereon as required by G.S. 1-180.   In fact, no evidence was stated except in the form of contentions, which does not meet the requirements of the statute.   *Bank v. Phillips, supra; Howard v. Carman, supra; Mack v.*

*Marshall Field & Co., supra.* Neither did the court give equal stress to the contentions of the parties as required by G.S. 1-180. For example, on the issue as to whether the automobile of the defendant H. A. Ellis was damaged by the negligence of the plaintiff Mrs. Leoma Brannon, the charge of the court contains the contentions of the defendant H. A. Ellis to the effect that the plaintiff "failed to observe the duty imposed upon her by the statute which required her to yield the right of way to his vehicle approaching from the right as she approached from the left; that such failure on her part was negligence and that such negligence was the proximate cause of the collision; . . . that plaintiff failed to keep and maintain a proper and vigilant lookout to see and observe traffic approaching the intersection, when if she had done so she could have seen his automobile approaching . . . at a distance of 150 feet from the intersection"; and similar contentions. These contentions and the instructions given thereon cover two and one-half pages of the record, while the contentions of plaintiff on this issue are stated in eight lines. Notwithstanding the allegations in the complaint of Mrs. Leoma Brannon to the effect that she entered the intersection first, and the evidence in the trial tending to show that she was about three-fourths of the way through the intersection when the Ellis car struck the right front door of her car, the court gave no contention based on such evidence, but merely stated upon that issue, "plaintiff contends that you ought not to find that she was negligent; that she exercised that degree of care which a reasonably prudent person would have exercised, and contends that you ought not to find that she failed to keep her automobile under control or that she failed to keep a proper lookout and she contends that you should answer the . . . issue NO." This was not in compliance with G.S. 1-180, which provides that: "The judge shall give equal stress to the contentions of the plaintiff and defendant in a civil action and to the State and defendant in a criminal action."

The equal stress, which the statute requires be given to the contentions of the plaintiff and defendant in a civil action, however, does not mean that the statement of contentions of the respective parties must be equal in length. *S. v. Jessup,* 219 N.C. 620, 14 S.E. 2d 668. For instance, in a trial where the evidence of one party is very short, or he may have chosen not to introduce any evidence at all, his contentions will naturally be very few in contrast with the other party who may have introduced a great volume of testimony. A trial judge is not required by law to state the contentions of litigants to the jury. *S. v. Colson,* 222 N.C. 28, 21 S.E. 2d 808; *Trust Co. v. Insurance Co.,* 204 N.C. 282, 167 S.E. 854. When, however, a judge undertakes to state the contentions of one party, he must also give the equally pertinent contentions of the opposing party. *S. v. Colson, supra.*

For the reasons stated, the plaintiffs are entitled to a new trial and it is so ordered.

New trial.