BARBARA LEE WATT (now WAGSTAFF) v. WILLIAM VERNON CREWS
    AND THE TRANSPORT CORPORATION, ORIGINAL DEFENDANTS, AND
    WILLIAM O'BRIEN, ADDITIONAL DEFENDANT.

(Filed 17 January 1964.)

**1. Trial § 22—**

   Contradictions, even in plaintiff's evidence, do not justify nonsuit.

**2. Automobiles § 41e—**

   Evidence tending to show that defendant's tractor-trailer was left standing on the hardsurface, unattended at nighttime without lights, flares, or

warning, and that a motorist was unable to see the vehicle in time to stop before colliding with its rear, takes the issue of negligence to the jury, notwithstanding contradictory evidence that there were lights on the vehicle and reflectors up to 200 feet to its rear.

### 3. Automobiles § 43—

In determining the question of the sufficiency of one defendant's evidence to go to the jury on its cross-action against the other defendant, the first defendant's evidence must be taken as true, and where its evidence tends to show that its driver left lights and reflectors back of its stalled tractor-trailer as required by statute and that the other defendant drove his car into the rear of the tractor-trailer, its evidence is sufficient to be submitted to the jury on the cross-action.

### 4. Trial § 35—

The court is not required to give the contentions of the litigants in its charge, but when it undertakes to do so the court must give equal stress to the respective contentions of the parties, and the giving of the contentions of one party alone must be held for prejudicial error.

### 5. Trial § 34—

The court is required to charge the jury as to which party has the burden of proof on each issue, and the failure of the court to charge the jury that the burden is on the original defendant to prove the negligence of the additional defendant and that such negligence was a proximate cause of the injury, must be held for prejudicial error.

APPEAL by Transport Corporation and additional defendant O'Brien from *Williams, J.,* 6 May 1963 Civil Session of WAKE.

The plaintiff instituted this action to recover for personal injuries sustained in a collision between a tractor-trailer, operated by defendant Transport Corporation, and an automobile in which the plaintiff was riding and which was owned and operated at the time of the collision by the additional defendant O'Brien.

On 23 August 1961, about 11:00 p.m., defendant Transport Corporation's tractor-trailer was being operated by its driver, defendant William Vernon Crews, in a westerly direction on U. S. Highway 70 near the bridge over Interstate Highway 95. The truck stalled due to a defective switching mechanism on the gas tank; the driver pulled the tractor-trailer on the side of the highway as far as its momentum would carry it, but succeeded only in getting the right wheels of the tractor not more than a few inches off the pavement while the right wheels of the trailer remained on the pavement. After trying unsuccessfully to start the motor, according to the testimony of the driver of the tractor-trailer, he placed reflector flares at intervals to the rear of the truck, turned on the left turn signal, and left the clearance lights burning on the rear of the truck. All the clearance lights were on the bed

of the truck which was loaded with 21 hogsheads of tobacco and covered by a dark green canvas. The driver of the truck left for Smithfield to get gas. The collision occurred just before the driver returned to his truck.

About 11:45 p.m., the plaintiff and the additional defendant O'Brien were proceeding in a westerly direction on U. S. Highway 70 in O'Brien's car, which was being operated at a speed of approximately 50 to 60 miles per hour. The night was dark and cloudy. O'Brien failed to see the truck in time to stop, and struck the rear of the truck after skidding 69 feet.

The plaintiff Barbara Lee Watt (now Wagstaff) brought this action against the Transport Corporation, and defendant Transport Corporation had O'Brien joined as an additional defendant. The Transport Corporation filed a cross-action against O'Brien pursuant to the provisions of G.S. 1-240. O'Brien filed a counterclaim against defendant Transport Corporation for his personal injuries and property damage.

The jury found that the plaintiff was injured by the negligence of the Transport Corporation and O'Brien and assessed her damages at $5,000. Judgment was entered for the plaintiff against the Transport Corporation for $5,000, for the Transport Corporation against O'Brien for contribution in the sum of $2,500, and against O'Brien on his counterclaim.

Defendant Transport Corporation and O'Brien appeal, assigning error.

*Yarborough, Blanchard & Tucker for plaintiff.*
*Maupin, Taylor & Ellis for Transport Corporation.*
*William T. Crisp; Howard F. Twiggs; Smith, Leach, Anderson & Dorsett for O'Brien.*

DENNY, C.J.   We shall first consider the appeal of the Transport Corporation. This appellant has abandoned all its exceptions and assignments of error except those challenging the action of the trial judge in refusing to grant its motion for judgment as of nonsuit as to plaintiff at the close of all the evidence.

The evidence is in sharp conflict with respect to lights on the rear of the parked tractor-trailer at the time of the accident. The Highway Patrolman who arrived at the scene of the accident about 20 minutes after it occurred testified: "When I arrived at the scene of the accident there were three reflectors behind the truck on the east side of the truck. The furtherest reflector was approximately 200 feet from the rear of the trailer. * * * The reflectors were 3-½ to 4 inches in

diameter and had a base so that they would sit on the pavement. The reflector part, when a light would shine on it, would reflect a red light. There was no lighted portion, no electric light and no flare connected with the reflector. * * * The only light that I saw burning on the tractor-trailer when I arrived there was one light up on it, the best I recall, up on the hogshead itself and it was mighty dim. * * * I was there when the tractor-trailer was moved from the scene, and they had to use a wrecker to do that because the battery was dead."

The plaintiff testified that at the time of the accident she was looking straight ahead through the windshield; that the car was traveling from 50 to 55 miles per hour; that "As we started up the incline suddenly I saw there was a big object in front of me. * * * Mr. O'Brien applied his brakes quickly, then the crash. * * * The car crashed into the rear end of the tractor-trailer. I did not see any lights, reflectors, or flares behind that tractor-trailer before the car hit it."

On cross-examination, this witness testified: "Before we reached the incline there were no flares or lanterns or anything like that out there in front of us. * * * As we were going up the incline, I really didn't notice the curve too much; but I know that I suddenly saw the object, the black object, in front of us. It suddenly came into view, within range of our headlights. At the time I saw it there were no lights of any type on it."

Contradictions, even in the plaintiff's evidence, do not justify nonsuit. *Bridges v. Graham,* 246 N.C. 371, 98 S.E. 2d 492; *Whitley v. Jones,* 238 N.C. 332, 78 S.E. 2d 147; *Graham v. Spaulding,* 226 N.C. 86, 36 S.E. 2d 727; *Ward v. Smith,* 223 N.C. 141, 25 S.E. 2d 463; *Chestnutt v. Durham,* 224 N.C. 149, 29 S.E. 2d 339.

A careful consideration of all the evidence adduced in the trial below leads us to the conclusion that it was sufficient to carry the case to the jury against this appellant.

Furthermore, the court submitted an issue to the jury to determine whether or not the plaintiff was guilty of contributory negligence as alleged in the answer of defendant Transport Corporation. This issue was answered in favor of the plaintiff upon a charge unexcepted to by this appellant.

We hold that the court below properly overruled this appellant's motion for judgment as of nonsuit as to the plaintiff. *Carrigan v. Dover,* 251 N.C. 97, 110 S.E. 2d 825; *Scarborough v. Ingram,* 256 N.C. 87, 122 S.E. 2d 798.

*Appeal of additional defendant William O'Brien.*

O'Brien assigns as error the denial of his motion for judgment as of nonsuit on the cross-action of the Transport Corporation for contribution.

We think the evidence offered by defendant Transport Corporation was sufficient to take the case to the jury on its cross-action against this appellant. The Transport Corporation is the plaintiff in this cross-action and its evidence with respect to lights on the rear of its parked trailer and the reflectors placed on the highway to the rear of its parked trailer must be considered as true on a motion for judgment as of nonsuit and considered in the light most favorable to it. *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307; *Register v. Gibbs,* 233 N.C. 456, 64 S.E. 2d 280; *Bridges v. Graham, supra; Coleman v. Colonial Stores, Inc.,* 259 N.C. 241, 130 S.E. 2d 338.

Among this appellant's 64 assignments of error, assignment of error No. 55 challenges the correctness of the court's charge in that the court failed to give the contentions of this appellant on the second issue, and assignment of error No. 58 is to the failure of the court to instruct the jury that the burden of proof on the second issue was on the defendant Transport Corporation.

The second issue reads as follows: "Was plaintiff injured by the negligence of the additional defendant, William O'Brien, as alleged in the cross-action of defendant Transport Corporation? Answer: Yes."

This was a vital issue insofar as this appellant was concerned. However, an examination of the charge on this issue reveals that the court gave the contentions of the Transport Corporation at considerable length and in detail, but gave no contention whatever of the defendant O'Brien.

We have held that a trial judge is not required by law to give contentions of litigants to the jury. *S. v. Colson,* 222 N.C. 28, 21 S.E. 2d 808; *Trust Co. v. Insurance Co.,* 204 N.C. 282, 167 S.E. 854. When, however, a judge udertakes to state the contentions of one party, he must give the equally pertinent contentions of the opposing party. *Brannon v. Ellis,* 240 N.C. 81, 81 S.E. 2d 196; *S. v. Kluckhohn,* 243 N.C. 306, 90 S.E. 2d 768; *In re Will of Wilson,* 258 N.C. 310, 128 S.E. 2d 601.

G.S. 1-180 provides that "the judge shall give equal stress to the contentions of the plaintiff and defendant in a civil action and to the State and defendant in a criminal action."

In the trial below, the jury was not instructed that the burden of proof on the second issue was on the defendant Transport Corporation.

In *Tippite v. R.R.,* 234 N.C. 641, 68 S.E. 2d 285, this Court said: "G.S. 1-180, as amended, requires that the judge 'shall declare and explain the law arising on the evidence given in the case.' This places a duty upon the presiding judge to instruct the jury as to the burden of proof upon each issue arising upon the pleadings. It is said that ' "the

rule as to the burden of proof is important and indispensable in the administration of justice. It constitutes a substantial right of the party upon whose adversary and burden rests; and, therefore, it should be carefully guarded and rigidly enforced by the court. *S. v. Falkner,* 182 N.C. 793, and cases cited." *Hosiery Co. v. Express Co.,* 184 N.C. 478.' *Coach Co. v. Lee,* 218 N.C. 320, 11 S.E. 2d 341; *Crain v. Hutchins,* 226 N.C. 642, 39 S.E. 2d 831."

Assignments of error Nos. 55 and 58 were well taken and must be sustained.

In our opinion, in the trial below there was no error that would justify a new trial of the plaintiff's cause of action, and we so hold.

As to Transport Corporation—Affirmed.

As to O'Brien—New trial.