STATE OF NORTH CAROLINA v. WILLIE LEE WILLIAMS
a/k/a BUBBA WILLIAMS

No. 19

(Filed 5 October 1976)

**1. Criminal Law § 113— jury instructions — necessity for applying law to evidence**

Ordinarily, a statement of the applicable law and the contentions of the parties, without applying the law to the substantive features of the case arising on the evidence, is insufficient under the rule of G.S. 1-180; however, where the evidence is simple, direct, and without equivocation and complication, an explanation of the law and a statement of the evidence in the form of contentions is a sufficient compliance with the statute.

**2. Homicide § 25— felony-murder — instructions on parties' contentions, felony-murder, possible verdicts — sufficiency**

In a felony-murder prosecution where there was eyewitness testimony that defendant shot and killed his victim, there was abundant corroborative evidence, and defendant offered no evidence in his own behalf, the trial court's instructions which set forth contentions of the parties, fully and accurately explained the felony-murder doctrine, and properly instructed the jury as to the permissible verdicts it could return sufficiently complied with G.S. 1-180.

State v. Williams

3. Constitutional Law § 36; Homicide § 31— first degree murder — life sentence substituted for death penalty

    A sentence of life imprisonment is substituted for the death penalty which was imposed by the trial court in this first degree murder case.

4. Homicide § 31— felony-murder — armed robbery charge merged into homicide charge

    The trial court properly did not enter judgment as to the charge of armed robbery against defendant, since the armed robbery charge was proved as an essential element in the capital offense of murder in the first degree and therefore was merged into the murder charge.

APPEAL by defendant from *Martin, J.,* at 18 November 1975 Criminal Session, NEW HANOVER Superior Court.

Defendant was charged in separate bills of indictment with first-degree murder and armed robbery.

The State offered evidence which tended to show that on 10 September 1975, two black males entered a convenience food store known as KB's Limited which was owned and operated by Mr. and Mrs. A. E. Lewis. At the time only Mr. and Mrs. Lewis and two customers were present in the store. The two black males went to the meat cooler where they were assisted by Mr. Lewis. One of the men, later identified as defendant Willie Lee Williams, walked to the check-out counter, placed a gun on the ice cream box, and covered it with a newspaper. When Mrs. Lewis saw this, she walked out the door and went to Smith Shoe Repair. She told Mr. Thurston Smith that her husband was in trouble. Mr. Smith then went to KB's. Meanwhile, defendant had displayed a gun and ordered the two customers to the back room of the store. Defendant forced Mr. Lewis to open the cash register from which the other black male took about two hundred dollars. At that time Mr. Smith entered the store. The two black males then shot Mr. Smith and fled from the store. Mr. Smith was dead when the police arrived shortly thereafter.

The two customers who were present in the store testified that after being ordered into the back room of the store, they heard three shots. When they were let out of the room, they observed Mr. Smith lying on the floor.

On 14 September 1975 police officers used bloodhounds to track down defendant and another black male in a wooded area of Pender County. Defendant was found lying on the ground

and was immediately taken into custody. On the morning of 15 September 1975 police officers returned to the location of defendant's apprehension and found a .38 caliber pistol under pine straw at the location where defendant had been found the prior evening. The pistol contained three empty chambers and three chambers loaded with live bullets. A firearms identification expert testified that a bullet taken from the spinal column of Mr. Smith was fired from the .38 caliber pistol found at the scene of defendant's arrest.

There was expert medical testimony that Mr. Smith died as a result of a bullet which perforated his heart and aorta and lodged in his spinal column.

Defendant offered no evidence.

The jury was instructed on the felony-murder doctrine and returned verdicts of guilty of first-degree murder and armed robbery. Defendant appealed from judgment imposing the death penalty on the verdict of guilty of first-degree murder.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*John Richard Newton, attorney for defendant appellant.*

BRANCH, Justice.

[2]  Defendant assigns as error the trial judge's failure to state the evidence and apply the law thereto as required by G.S. 1-180. He argues that the judge did nothing more than to state the contentions of the parties. The portion of the charge to which defendant excepts is as follows:

> Now, ladies and gentlemen of the jury, the law imposes upon me the responsibility of reviewing the evidence sufficiently for you to understand my charge as to law. . . .

> The State contends that some of the evidence favorable to the State is as follows: That on the 10th day of September, 1975, about 1:30 p.m. the defendant and another male went to the KB's Store in this City. That while there and while in the process of robbing Mr. and Mrs. Lewis with a firearm of about $200.00, they being the owners, that Mr. Smith, who was summoned by Mrs. Lewis from a neighboring business, came into the front of the store to render aid. That witnesses for the State have given

a positive identification of the defendant at the scene of the crime. That the defendant and another male shot and killed Mr. Smith. That they then fled the scene and were later apprehended in Pender County. That the weapon, wounds, and bullets causing death have been properly identified and have been made available to you in the evidence. That the cause of death has been stated clearly by the pathologist. That your verdict should be guilty as charged.

That is what some of the evidence for the State tends to show. What it does show is for you to say, ladies and gentlemen of the Jury.

The defendant contends that he is not guilty and that he has pled not guilty and that you should not be satisfied of his guilt beyond a reasonable doubt. He further contends that evidence mostly on cross-examination favorable to him tends to show that Mr. and Mrs. Lewis and another or others that have identified him were frightened and unsure of their identification. That his appearance is different today from their testimony. That there are many stocky black males in this area and that he was not known by the identifying witnesses before the time. He further contends that he was apprehended afar off while peaceably sleeping in the nighttime and that the .38 caliber was not found for several hours later, and that your verdict in this case should be not guilty.

That is what some of the contentions of the defendant are. What the evidence shows in that regard is for you to say, ladies and gentlemen of the jury.

Following this portion of the charge, the judge fully and accurately explained the felony-murder doctrine and properly instructed the jury as to the permissible verdicts it could return.

[1] Ordinarily, a statement of the applicable law and the contentions of the parties, without applying the law to the substantive features of the case arising on the evidence, is insufficient under the rule of G.S. 1-180. *State v. Coggin,* 263 N.C. 457, 139 S.E. 2d 701; *Brannon v. Ellis,* 240 N.C. 81, 81 S.E. 2d 196. However, where the evidence is simple, direct, and without equivocation and complication, an explanation of the law and a statement of the evidence in the form of contentions is a sufficient compliance with the statute. *State v. Best,* 265 N.C.

477, 144 S.E. 2d 416; *State v. Thompson,* 226 N.C. 651, 39 S.E. 2d 823.

**[2]**   In instant case there was eyewitness testimony that defendant shot and killed Mr. Smith. There was abundant corroborative evidence. Defendant offered no evidence in his own behalf. We believe that, in light of the direct, unequivocal nature of the evidence in this case, the challenged instruction sufficiently complied with G.S. 1-180. We therefore overrule this assignment of error.

**[3]**   Defendant's next assignment of error attacks the imposition of the death penalty in North Carolina. In *Woodson v. North Carolina,* _____ U.S. _____, 49 L.Ed. 2d 944, 96 S.Ct. 2978, the United States Supreme Court invalidated the death penalty provisions of G.S. 14-17 (Cum. Sup. 1975), the statute under which defendant was indicted, convicted and sentenced to death. Therefore, by authority of the provisions of 1973 Sess. Laws, c. 1201, § 7 (1974 Session), a sentence of life imprisonment is substituted in lieu of the death penalty in this case. We, therefore, do not deem it necessary to discuss this assignment of error.

**[4]**   The jury returned a verdict of guilty as to the charge of armed robbery. The trial judge did not enter judgment as to that charge and properly so since it conclusively appears that the armed robbery charge was proved as an essential element in the capital offense of murder in the first degree. The armed robbery charge, therefore, became a part of and was merged into the murder charge. *State v. Lock,* 284 N.C. 182, 200 S.E. 2d 49; *State v. Peele,* 281 N.C. 253, 188 S.E. 2d 326.

This case is remanded to the Superior Court of New Hanover County with directions (1) that the presiding judge, without requiring the presence of defendant, enter a judgment imposing life imprisonment for the first-degree murder of which defendant has been convicted; and (2) that in accordance with this judgment the clerk of superior court issue a commitment in substitution for the commitment heretofore issued. It is further ordered that the clerk furnish to the defendant and his attorney a copy of the judgment and commitment as revised in accordance with this opinion.

No error in the verdict.

Death sentence vacated.