STATE OF NORTH CAROLINA v. BOBBY RAY MILLER

No. 8219SC212

(Filed 21 December 1982)

**Robbery § 5.2— armed robbery—instructions sufficient**
   In a prosecution for armed robbery, the trial court sufficiently applied the law to the evidence in the jury instructions. G.S. 15A-1232.

APPEAL by defendant from *Washington, Judge.* Judgment entered 22 October 1981 in Superior Court, ROWAN County. Heard in the Court of Appeals 22 September 1982.

Defendant was indicted for armed robbery. At trial the evidence favoring the State included Mr. Tripp's testimony that on 30 July 1981 the defendant approached him as he was entering his apartment, that defendant took a revolver out of his pants pocket and stated that he would kill Mr. Tripp if he did not give him all his money and that Mr. Tripp handed over $34.00 to the defendant.

The State also presented the testimony of a witness who stated that she knew the defendant because she worked with him, that she lived in the same neighborhood as Mr. Tripp, and that she had seen and spoken with the defendant in front of her home shortly before Mr. Tripp was robbed.

The investigating police officer testified that the defendant at first denied being in that neighborhood on the afternoon in question, but later admitted being in the vicinity when told of his co-worker's signed statement that she had spoken with the defendant.

The defendant testified in his own behalf stating that he was in the neighborhood in question on that afternoon because his car had broken down and he was walking to his aunt's or grandmother's house to get help. He denied knowing Mr. Tripp, denied seeing him on the day in question, denied having taken any money from him, and denied possessing a revolver. He also testified that when he heard the police were looking for him he went to the police station where he denied knowledge of the robbery.

State v. Miller

Defendant also presented the testimony of Lorenzo McLean who recounted basically the same story as the defendant, stating that he and defendant were in the defendant's car, that the car had broken down, that the defendant left to get help at his grandmother's house and that the defendant came back alone about 15 minutes later and got the car started.

On this evidence, defendant was convicted of armed robbery and from that judgment defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General James C. Gulick, for the State.*

*Davis & Corriher, by Robert M. Davis, for the defendant-appellant.*

MARTIN (Robert M.), Judge.

The defendant has presented one question on appeal, that being whether the trial court erred in its charge to the jury. Specifically, defendant contends that the trial court erred by failing to apply the law to the evidence in the jury instructions.

N.C. Gen. Stat. § 15A-1232 provides that:

> Jury instructions; explanation of law; opinion prohibited. —In instructing the jury, the judge must declare and explain the law arising on the evidence. He is not required to state the evidence except to the extent necessary to explain the application of the law to the evidence. He must not express an opinion whether a fact has been proved.

In *State v. Williams*, 290 N.C. 770, 228 S.E. 2d 241 (1976), another armed robbery case, our Supreme Court outlined what is required by § 15A-1232. That opinion stated that

> Ordinarily, a statement of the applicable law and the contentions of the parties, without applying the law to the substantive features of the case arising on the evidence, is insufficient under the rule of G.S. 1-180. [Citations omitted.] However, where the evidence is simple, direct, and without equivocation and complication, an explanation of the law and a statement of the evidence in the form of contentions is a sufficient compliance with the statute.

*Id.* at 773, 228 S.E. 2d at 243.

We believe that the contentions of the parties presently before us are no more equivocal or complicated than those under consideration in *Williams.* "While the charge is not a model to be followed, it is our opinion that under the factual situation here it is a sufficient compliance with the requirements of G.S. 1-180." (Predecessor to N.C. Gen. Stat. 15A-1232.) *State v. Best,* 265 N.C. 477, 480, 144 S.E. 2d 416, 418 (1965).

We find in the trial court's charge to the jury

No error.

Judges ARNOLD and WHICHARD concur.