JOSEPH CASSETTA, BY HIS NEXT FRIEND, FRANK A. CASSETTA v. THOMAS S. COMPTON AND WIFE, ANN ADKERSON COMPTON
AND
FRANK A. CASSETTA v. THOMAS S. COMPTON AND WIFE, ANN ADKERSON COMPTON.

(Filed 13 December, 1961.)

1. **Automobiles §§ 25, 46—**

   The operation of a motor vehicle at a speed greater than is reasonable and prudent under the conditions then existing is negligence *per se* notwithstanding that such speed may not exceed the applicable statutory limit, G.S. 20-141 (a) (c), and while plaintiff remains under the burden of proving that such violation was a proximate cause of the accident in which he was injured, an instruction that the violation of the statute should not constitute negligence *per se* but only a circumstance for consideration with other circumstances in evidence upon the question of due care, must be held for error.

2. **Automobiles §§ 32, 46— Instruction on duty not to exceed speed which is reasonable under circumstances held prejudicial.**

   Where the evidence permits the inference that a child on a tricycle had entered a street from a driveway on the east side of the street and was on the west side of the street south of the projected southern line of the driveway at the time the driver of a vehicle traveling north struck the child, and the driver testifies that she did not see the child prior to the collision, the court should instruct the jury as to the driver's duty to decrease speed in the exercise of due care if the driver saw or should have seen the perilous position of the child on or near the street in time for precautionary action, and an instruction that a speed greater than was reasonable and prudent under the conditions then existing would not constitute negligence *per se* must be held prejudicial upon the evidence.

3. **Automobiles §§ 32, 41m—**

   The evidence in this case, considered in the light most favorable to

plaintiffs, *is held* sufficient to require the submission to the jury of the issue of negligence of defendant driver in striking a child riding a tricycle on the street.

APPEALS by plaintiffs from *Gambill, J.,* March 20, 1961, Regular Civil Term, of GUILFORD (Greensboro Division).

Joseph Cassetta, then seven years and ten and one-half months old, received personal injuries on August 5, 1959, when he and the tricycle on which he was riding collided with a Dodge car, owned by defendant Thomas S. Compton and operated by his wife, defendant Ann Adkerson Compton, on Colonial Avenue in Greensboro, North Carolina.

An action was instituted by Joseph Cassetta, prosecuted in his behalf by his father and next friend, Frank A. Cassetta, to recover damages for personal injuries; and a separate action was instituted by Frank A. Cassetta to recover damages for the medical expenses incurred for the treatment of his son's injuries. The two actions, by consent, were consolidated for trial.

It was admitted that the Dodge car of defendant Thomas S. Compton was maintained by him as a family purpose car and that he is liable for the actionable negligence, if any, of his wife in the operation thereof.

Colonial Avenue is a paved street in a residential district. It is approximately 19 feet wide. It runs generally north and south. There was no marked center line. There were no sidewalks. The mishap occurred about 12:27 p.m. The weather was clear. Mrs. Compton was driving north on Colonial Avenue. Joseph entered Colonial Avenue from the driveway at 1903 Colonial Avenue, located on the east side of Colonial Avenue. Prior to collision, Joseph proceeded west on said driveway, with one foot on the back step of the tricycle and pushing with his other foot, entered Colonial Avenue and then turned left (south) on Colonial Avenue.

Plaintiffs alleged defendants were negligent in that: (1) Mrs. Compton was driving at a dangerous, unlawful and excessive speed under the circumstances then existing. (2) She was driving "to the left of the center of the street." (3) She was driving "without maintaining a careful, proper lookout to the front and side of the road so as to be able to see the child in time to avoid the said collision." (4) She failed to keep the Dodge car under proper control "when confronted by normal driving conditions in a residential neighborhood so that she was unable to avoid striking the said minor child."

Defendants denied all said allegations as to their negligence; and, for a further answer and defense, pleaded (1) unavoidable accident, and (2) contributory negligence on the part of Joseph.

The only evidence was that offered by plaintiffs. The evidence, except that relating solely to damages, consisted of the testimony of (1) Joseph, the minor plaintiff, (2) Howard Ryan, the investigating police officer, and (3) defendant Ann Adkerson Compton, called as a witness for plaintiffs.

The court submitted issues of negligence, contributory negligence and damages. The jury answered the negligence issue, "No," and did not reach the issues relating to contributory negligence and damages.

From a judgment that they have and recover nothing from defendants, plaintiffs excepted and appealed.

*Hoyle, Boone, Dees & Johnson for plaintiffs, appellants.*
*Smith, Moore, Smith, Schell & Hunter for defendants, appellees.*

BOBBITT, J.  The court instructed the jury, in accordance with G.S. 20-141(a), that "no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing." The court then instructed the jury that, according to the evidence, Mrs. Compton was driving in a residential district, where the maximum legal speed was 35 miles per hour (G.S. 20-141(b) (2) ), and there was no evidence Mrs. Compton's speed was in excess of 35 miles per hour. The court then, after reading G.S. 20-141(c), instructed the jury, in substance, the fact that Mrs. Compton's speed was 35 miles per hour or less did not relieve her of the obligation to exercise due care under the conditions then existing. The court then gave the instruction quoted in the next paragraph.

"The foregoing provision of this section — reading further from 20-141 — the foregoing provision of this section shall not be construed to relieve the plaintiff in any civil action from the burden of proving negligence upon the part of the defendant. That means, Gentlemen of the Jury, that in some instances certain statutes of North Carolina, if you violate those statutes you are guilty of negligence as a matter of law. The courts have held that is negligence *per se.* In this instance, even though you violate this section that I have read to you in this case, it is not negligence as a matter of law." Plaintiffs excepted and assign error in respect of this instruction.

The first sentence in the challenged instruction is an incomplete statement of the provisions of G.S. 20-141(e), which provides: "The foregoing provisions of this section shall not be construed to relieve the plaintiff in any civil action from the burden of proving negligence upon the part of the defendant *as the proximate cause of an accident."* (Our italics)

Immediately following the challenged instruction, the court con-

tinued: "It is to be taken as a circumstance that you may consider in determining whether or not the defendant was guilty of negligence, not as a matter of law but it is a circumstance that you take into consideration in determining whether or not in your opinion from this evidence, if you find from this evidence the defendant used due care in the operation of the automobile, taking into consideration all the circumstances that you find to have existed at that particular place in question on this particular day."

Thus, the jury was instructed, in effect, if Mrs. Compton's speed was 35 miles per hour or less but was greater than was reasonable and prudent under the conditions then existing, this would not constitute negligence *per se* but a circumstance for consideration along with all other circumstances in determining whether she used due care in the operation of her car.

Under G.S. 20-141, subsections (a) and (c), if a person drives a vehicle on a highway at a speed greater than is reasonable and prudent under conditions then existing, such person is guilty of negligence *per se*, that is, as a matter of law, notwithstanding the speed does not exceed the applicable maximum limits set forth in G.S. 20-141(b). *Rouse v. Jones,* 254 N.C. 575, 580, 119 S.E. 2d 628; *Hutchens v. Southard,* 254 N.C. 428, 432, 119 S.E. 2d 205, and cases cited; *Hinson v. Dawson,* 241 N.C. 714, 724, 86 S.E. 2d 585. True, as provided by G.S. 20-141(e), a violation of G.S. 20-141, subsections (a) and (c), has legal significance in a civil action only if it proximately causes injury. *Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331.

Defendants frankly concede the challenged instruction was erroneous but contend it was not prejudicial to plaintiffs. They base their contention on the rule stated in the next paragraph.

"Verdicts and judgments are not to be set aside for mere error and no more. To accomplish this result it must be made to appear not only that the ruling complained of is erroneous, but also that it is material and prejudicial, and that a different result likely would have ensued, with the burden being on the appellant to show this." *Perkins v. Langdon,* 237 N.C. 159, 178, 74 S.E. 2d 634; *Parks v. Washington,* 255 N.C. 478, 483, 122 S.E. 2d 70; *In re Will of Thompson,* 248 N.C. 588, 598, 104 S.E. 2d 280.

Consideration of the evidential facts stated below is necessary in order to determine whether the erroneous instruction was material and prejudicial to plaintiffs.

Joseph testified he lived "three or four doors" from (south of) the driveway at 1903 Colonial Avenue. He testified that, as he started down the driveway, he looked to his left and "didn't see anything coming"; that he didn't see anything except a car parked *next to his*

*house;* and that as he went down the driveway and into the street he "didn't slow up or anything."

Mrs. Compton testified that, as she approached and reached the point of collision, her speed was 15 or 20 miles an hour. Ryan testified as to skid marks made by the Compton car, the location of the Compton car when he arrived at the scene of collision, etc. Plaintiffs and defendants make conflicting contentions as to what this evidence tends to show in respect of speed.

Mrs. Compton testified further that, at the time of the collision, she was partly in the middle of the street, due to the fact she had just passed a car that was parked on her right; and that she believed her "left wheels then were across the center of the highway." She testified that, as she approached the scene of collision, she was looking "straight ahead." She testified: "As to whether I looked to the side, I don't remember, but I'm sure I was looking straight ahead. I usually do."

Mrs. Compton testified further she did not see Joseph before her car struck him. She testified: ". . . just as I went by the automobile parked on my right I heard a noise. At the same moment I saw this child coming off to my left." Again: "It was just the moment that I went by that car that I heard the noise." She testified the car she passed was parked "partly in the paved surface of the street." She did not testify as to the distance from the driveway at 1903 Colonial Avenue to this parked car.

The evidence tends to show the collision occurred approximately 12 feet from the east edge of the 19-foot paved street; that, as a result of the collision, the little blinker light under the left headlight of the Compton car was broken; and that, as a result of the collision, Joseph and the tricycle were knocked to the west (Mrs. Compton's left) edge of the street.

Ryan testified as to debris at the point of collision. However, he did not measure, nor did he recall, the distance of this debris from the (projected) south line of the paved driveway at 1903 Colonial Avenue. The collision, according to plaintiffs' allegations, occurred 8 feet south of said projected line. Joseph testified he got *almost* to the next driveway. The evidence tends to show these driveways were 23 feet apart.

Thus, the evidence tends to show that Joseph, at the time of the collision, had entered Colonial Avenue and was on the west side (for southbound traffic) thereof and south of the projected (south) line of the paved driveway at 1903 Colonial Avenue.

In view of the fact that Mrs. Compton did not see Joseph prior to the collision and did not attempt to decrease the speed of her car

CASSETTA *v.* COMPTON.

prior to the collision, is the erroneous instruction material and prejudicial?

Whether Mrs. Compton was driving at a speed greater than was reasonable and prudent under the conditions then existing must be determined on the basis of what she could and should have seen by the exercise of due care, not on the basis of what she actually saw. If, by the exercise of due care, she could and should have seen Joseph in a perilous position as he proceeded down the driveway, or as he entered Colonial Avenue, or as he traveled thereon, this was one of "the conditions then existing"; and if, under these conditions, she continued to drive at 15 or 20 miles an hour without decreasing speed, then her speed at the time of collision was greater than was reasonable and prudent and constituted negligence *per se.* Any speed may be unlawful if the driver of a motor vehicle sees, or in the exercise of due care could and should have seen, a person or vehicle in his line of travel. *Murray v. Wyatt,* 245 N.C. 123, 128, 95 S.E. 2d 541.

Under the circumstances, we are constrained to hold the erroneous instruction was material and prejudicial. Whether Mrs. Compton's speed at the time of the collision, if negligence, proximately caused the collision, was for jury consideration and determination.

While the court, in general terms, instructed the jury that Mrs. Compton was required by law to exercise due care to keep a careful and proper lookout, there was no application of this rule of law to the specific factual situation disclosed by the evidence. A substantial part of the court's instructions on the first issue related to whether Mrs. Compton was negligent in respect of speed. But, whether she was negligent in respect of speed depended largely, as indicated above, on whether in the exercise of due care she could and should have seen Joseph in a perilous position and under these circumstances failed to decrease speed. No instruction was given purporting to explain the interrelation of the alleged failure of Mrs. Compton to exercise due care to keep a proper lookout and her alleged negligence in respect of speed.

Defendants contend the erroneous instruction was not prejudicial to plaintiffs because their motions for judgment of nonsuit should have been granted. However, when the evidence is considered in the light most favorable to plaintiffs, we are of opinion it was sufficient to require that the issues raised by the pleadings be submitted to the jury.

The questions raised by plaintiffs' other assignments of error may not recur upon a new trial. Hence, particular consideration thereof upon the present record is deemed inappropriate.

New trial.