MRS RUBY O. WOLFE, ADMINISTRATRIX OF PHYLLIS M. WOLFE, DECEASED v. FARMERS COOPERATIVE EXCHANGE, INCORPORATED.

(Filed 21 November 1962.)

**Automobiles § 41m—**
>    The evidence in this case *is held* sufficient to be submitted to the jury on the issue of negligence of the driver of a motor vehicle in striking a child upon a highway.

APPEAL by defendant from *Hall, J.*, May 1962 Term of JOHNSTON.

Civil action to recover damages for the wrongful death of a four-year-old child.

The jury found by its verdict that plaintiff's intestate was fatally injured by the negligence of defendant's agent, and awarded damages of $10,000.00.

From a judgment on the verdict, defendant appeals.

*Robert A. Spence and George B. Mast for defendant appellant.*
*Levinson & Levinson by L. L. Levinson for plaintiff appellee.*

PER CURIAM. Defendant assigns as error the denial of its motion for judgment of compulsory nonsuit made at the close of all the evidence.

Plaintiff's evidence, and defendant's evidence favorable to her, shows these facts:

About noon on 31 May 1960 Phyllis Wolfe, a four-year-old girl, followed her eleven-year-old sister, Patricia Wolfe, from their home across a rural paved road to a mailbox, where the mail carrier had stopped his automobile. At that point the paved road is 18 feet wide, with six-foot dirt shoulders on each side. The distance from the pavement to the mailbox is seven feet. At this point the road is flat and straight for a quarter of a mile on each side of the mailbox. When the mail carrier's automobile began pulling away in a direction from Smithfield, Patricia looked to the right and saw defendant's truck coming along the road toward Smithfield about the length of a football field away. Patricia then turned to the left, and saw Phyllis right behind her. She then turned to the right to see where defendant's truck was, and when she turned again to the left, she saw Phyllis with her head down and kicking a pebble, walking slowly across the road. Patricia noticed no change in the speed of defendant's truck from the first time she saw it: she heard no horn blow. When Phyllis had crossed the white line in the center of the road, the right side of the bumper of defendant's truck hit her, and in Patricia's words, "I just saw her flying in the air." Defendant's truck went 174 feet from where it struck the little girl before it stopped. When it stopped, Phyllis' body was about 27 feet from where she was struck and about two feet from the white center line of the road on defendant's side of the road. In the collision Phyllis sustained, among other injuries, a crushed head and a broken neck, which resulted in her immediate death. Defendant's truck at the time was being driven by its employee, O. F. Barbour, in the scope and course of his employment.

Defendant's evidence shows these facts: Its salesman, O. F. Barbour, was driving its truck 40 or 45 miles an hour on his right side of the

road. He saw no children anywhere. He saw the mail carrier's automobile stopped by the mailbox. Barbour testified: "Just as I started to pass the tail end of his (the mailman's) automobile, I glimpsed through my left side glass a view of a child and the cab part of my truck was done by by that time and I put on brakes just as short as I could. I then didn't see the child until I got stopped and got out of the truck. She was somewhere around 15 or 20 feet from the mailman's car. She was lying somewhere around two feet, or something like that, in my lane that I was traveling in. When I first saw the child, she won't over three feet from the truck, three or four feet at the very outside, and running. The child was running toward the house. She was running right into the side of my truck, the back part of the body." He did not see Patricia until after Phyllis had been killed, and he went back. He testified on cross-examination: "The child came to rest something about 15 feet from where she was struck.* * *As to explaining how she was thrown any such distance as that by running into the side of my truck rather than being hit by the front of it, as she contends, I say the wheel could have done it."

In our opinion, the court properly overruled defendant's motion for judgment of compulsory nonsuit. This is in accord with our decisions in *Goss v. Williams,* 196 N.C. 213, 145 S.E. 169; *Moore v. Powell,* 205 N.C. 636, 172 S.E. 327; *Kelly v. Hunsucker,* 211 N.C. 153, 189 S.E. 664; *Butler v. Allen,* 233 N.C. 484, 64 S.E. 2d 561; *Brunson v. Gainey,* 245 N.C. 152, 95 S.E. 2d 514; *Cassetta v. Compton,* 256 N.C. 71, 123 S.E. 2d 222; *Ennis v. Dupree,* ante 141, ..... S.E. 2d .......

The two assignments of error to the admission of evidence are overruled, for the reason that no prejudicial error is made to appear sufficient to warrant a new trial. The assignment of error to the charge is broadside, and in addition it is not carried forward and discussed in the brief.

In the trial below we find

No error.