CHARLES LEE MISENHEIMER, BY HIS NEXT FRIEND, GREEN LEE MISENHEIMER v. CHARLIE ALLEN CARTER, JR.

(Filed 21 November 1962.)

**1. Negligence § 24a—**

Nonsuit on the issue of negligence is proper only when no legitimate inference of actionable negligence is permissible from the evidence.

**2. Automobiles § 41m—** Evidence of negligence in striking boy on bicycle held sufficient to overrule nonsuit.

Evidence tending to show that defendant motorist was traveling at a moderate speed upon a highway and saw a hundred feet away a boy on a bicycle enter and cross the highway from an obscured driveway, that the boy gave a signal, presumably to someone following, that a second bicycle with two boys riding on it entered the highway from the drive-

way, that defendant saw the second bicycle when it was some 50 feet distant, and that defendant hit the second bicycle about the center of the road when the front part of the bicycle was to defendant's left of the center of the highway, *held* sufficient to permit the inference of negligence on the part of defendant in failing to avoid the injury by veering to his right, the width of his unobstructed driving lane and the width of the shoulder on his right being sufficient.

APPEAL by defendant from *Gambill, J.,* February, 1962 Term, STAN-LY Superior Court.

This civil action was instituted on behalf of Charles Lee Misenheimer, minor, to recover damages for his personal injury allegedly caused by the defendant's actionable negligence. The defendant denied negligence and, by way of further defense, alleged that he was driving northward on the old Salisbury road at 25-30 miles per hour when a boy on a bicycle entered the highway from a blind private driveway on his right and crossed over to the left side of the highway; that he immediately reduced speed when two other boys on another bicycle followed the first into the road immediately in front of his moving vehicle; that he was unable to avoid a collision with the bicycle, though he made all possible efforts to do so; that the sole proximate cause of the accident was the sudden and unanticipated entrance of the boys on the second bicycle entering from the blind driveway; that the injured boy was riding as a passenger; that his injury was solely and proximately caused by the boys' negligence.

Both parties offered evidence. The defendant excepted to the court's refusal to grant its motions for nonsuit. The jury answered the issues of negligence and damages against the defendant. From the judgment on the verdict, he appealed.

*S. Craig Hopkins, Coble & Behrends, by Samuel Behrends, Jr., for plaintiff appellee.*
*Richard L. Brown, Jr., D. D. Smith for defendant appellant.*

HIGGINS, J.    Was the evidence sufficient to present a jury question? Stated in the alternative, was the evidence so deficient in probative value as to require the court, as a matter of law, to hold that a legitimate inference of defendant's actionable negligence is not permissible? *Lake v. Express Co.,* 249 N.C. 410, 106 S.E. 2d 518; *Ward v. Smith,* 223 N.C. 141, 25 S.E. 2d 463.

The collision occurred as the defendant drove north on the old Salisbury road. Michael Eddins, age 9, riding a bicycle, entered the road from a private driveway. The plaintiff, Charles Lee (Chuck) Misenheimer, was behind Michael on the bicycle. The driveway was some-

what obscured by a rock wall and shrubbery. The boys came into the road and attempted to join Lowell Eddins, age 8, who had just preceded them across the road on his bicycle. The defendant's Chevrolet collided with the bicycle on which the boys were riding, about the center of the road.

Lowell Eddins testified he rode his bicycle down the drive to the highway, motioned by waving his hand to the boys on the following bicycle "to come on. . ." I did not see a car at the time I got to the place where the driveway comes in to the road. I looked."

Michael Eddins testified: "I was coming down the driveway slow. . . . I did not see the car before it hit the bicycle and I was almost half way across . . . when the car hit the bicycle. I was sitting on the seat . . . and Chuck (Charles Lee Misenheimer) was behind me. Lowell was in front of me and I saw him wave. He was in the road when he waved."

The defendant testified: "I first saw the first bicycle that entered the road when I was back up the road about 100 feet, I guess. I saw the second bicycle . . . when I was about 50 feet. . . . At the time the second bicycle was struck, the front of it was probably on the left side of the center of the highway and the rear on the right side, about the center of the road. . . . There was no other traffic." The defendant was thoroughly familiar with the road and the driveway.

The evidence permits the inference the defendant could have seen Lowell Eddins give a "come on" signal which should have been notice that another child or children would probably enter the highway and attempt to cross. According to the defendant's own version, he saw the second bicycle for a distance of 50 feet before the collision. By his own admission, the point of impact was at or near the center of the road. Why he did not veer to his right and avoid contact does not appear. The width of his unobstructed driving lane and the width of the shoulder to the right would seem to offer driving room which would enable him to avoid striking the bicycle if he were properly attentive to his duties. Apparently he did not change his course until he pulled partially off on the shoulder beyond the point of collision.

Inference of driver negligence causing the injury is permissible. This was sufficient to take the case to the jury. *Walker v. Byrd,* 258 N.C. 62; *Hamilton v. McCash,* 257 N.C. 611, 127 S.E. 2d 214; *Cassetta v. Compton,* 256 N.C. 71, 123 S.E. 2d 222; *Simmons v. Rogers,* 247 N.C. 340, 100 S.E. 2d 849; *Chambers v. Edney,* 247 N.C. 165, 100 S.E. 2d 343; *Murray v. Wyatt,* 245 N.C. 123, 95 S.E. 2d 541; *Greene v. Mitchell County Board of Education,* 237 N.C. 336, 75 S.E. 2d 129.

Review of the record fails to disclose error of law.

No error.