LOUISE BRYAN PRESSLEY v. WILSON GODFREY.

(Filed 25 November, 1964.)

1. **Automobiles § 17—   Evidence held to raise conflicting inferences of negligence on part of each party causing intersection accident.**

    In this action to recover for a collision occurring when defendant entered from the north an intersection with a six-lane boulevard, intending to make a left turn into the boulevard, and was struck by plaintiff's car traveling west

on the boulevard in the southern lane for westbound traffic, the evidence *is held* to raise conflicting inferences taking the case to the jury in plaintiff's action and on defendant's cross-action, and not to show contributory negligence as a matter of law on the part of either party, and nonsuit of defendant's counterclaim was error.

**2. Trial § 33—**

Ordinarily, it is not sufficient for the court to state the evidence only in giving the contentions of the parties.

**3. Trial § 35—**

Where the evidence of each party is approximately equal, a charge of the court which states the contentions of one party in grossly disproportionate length must be held for prejudicial error.

APPEAL by defendant from *Phillips, E. J.,* March 9, 1964, Civil "C" Session of MECKLENBURG.

Action for damages resulting from a collision of automobiles.

The collision occurred about 5:00 P.M., 21 June 1963, at the intersection of Independence Boulevard with South Cedar Street in Charlotte. Independence Boulevard runs generally east and west; Cedar Street runs north and south. Independence Boulevard has three lanes for eastbound traffic and three lanes for westbound traffic, with a concrete median separating the eastbound from westbound lanes, and with a turning lane just south of the median for vehicles making left turns to go north on Cedar. About 400 feet east of the intersection Independence Boulevard crosses a bridge over a railroad, and going westwardly from the bridge slopes downwardly and curves to the left in approaching the Cedar Street intersection. A "Stop" sign controls traffic on Cedar Street at the intersection. The speed limit on the Boulevard was 40 miles per hour, on Cedar Street 35 miles per hour. Plaintiff was operating her car westwardly on Independence Boulevard in the inside or southernmost lane for westbound traffic; the front of her car collided with the rear half of the left side of defendant's car in the intersection and in the inside lane in which she was travelling. Defendant had proceeded southwardly on Cedar Street and had entered the intersection with the intention of turning east on the Boulevard. The sun was shining but the streets were wet from a recent shower. Both cars were damaged and plaintiff suffered personal injuries.

The following is plaintiff's version of the occurrence: Plaintiff's speed was 25 miles per hour. Defendant was almost in front of plaintiff and only 20 yards away when she first saw him. There were cars in the other lanes going west, but not quite as far advanced as plaintiff. When she saw defendant she applied brakes and tried to stop but could not do so in time to avoid the collision. She left no tire or brake marks. She

could not turn into another lane because of traffic. Defendant was coming into plaintiff's lane when she first saw him; his car was moving at the time of the collision.

Defendant's testimony: Defendant stopped for the "Stop" sign at the curb line of the Boulevard, he checked traffic to his right and left, there was no traffic in sight to the left toward the railroad bridge, and he saw none to the right. He proceeded southwardly across the westbound lanes and as he neared the center of the Boulevard he saw an eastbound car to his right about 200 feet away. He decided to "play it safe" and stopped to let the eastbound car pass. He stopped with the front of his car opposite the ends of the median and with the rear in the inside westbound lane. After he stopped he saw plaintiff's car approaching him 200 feet away, half the distance to the railroad bridge. He had been stopped about 5 seconds before the collision. He "did not hear the sound of any skidding tires."

Plaintiff alleged that defendant was negligent in that he failed to stop before entering the intersection, failed to ascertain that the movement could be made in safety before entering the intersection, failed to yield to plaintiff the right of way, failed to maintain a reasonable lookout and to keep his vehicle under proper control, and violated the reckless driving statute.

Defendant pleaded contributory negligence and counterclaimed for damage to his automobile, alleging that plaintiff was negligent in that she was proceeding at a speed greater than was reasonable and prudent, failed to reduce speed in approaching the intersection, failed to maintain a reasonable lookout and to keep her car under control, and failed to yield the right of way to his vehicle which was standing in the intersection before she reached the intersection.

At the close of all the evidence the court allowed plaintiff's motion for nonsuit of defendant's counterclaim. Defendant excepted.

The jury found that defendant was negligent, plaintiff was not contributorily negligent, and awarded plaintiff damages. Judgment was entered on the verdict, and defendant appeals.

*John Warren; Craighill, Rendleman & Clarkson, and John R. Ingle for plaintiff.*

*Wardlow, Knox, Caudle and Wade for defendant.*

PER CURIAM. Defendant assigns as error the nonsuit of his counterclaim and makes seventeen specific exceptions to the charge.

The factual accounts of the respective parties as to how the accident occurred are conflicting on all material points. Plaintiff's evidence

makes out a *prima facie* case of actionable negligence against defendant, and defendant's evidence entitles him to go to the jury on his counterclaim. On this record neither is guilty of contributory negligence as a matter of law.

Both parties were entitled to have the jury consider their respective theories of the case, insofar as the evidence offered by them supports their allegations. Notwithstanding the nonsuit of the counterclaim, the court submitted an issue as to the contributory negligence of plaintiff, and defendant was entitled to have his theory of the case presented on this issue and also on the negligence (first) issue as opposed to plaintiff's theory. *Chambers v. Allen,* 233 N.C. 195, 63 S.E. 2d 212. The court did not state the evidence except in giving the contention of the parties. *Bulluck v. Long,* 256 N.C. 577, 124 S.E. 2d 716. In about 12 pages of the record, the court fully defined and explained the principles of law arising on plaintiff's allegations and gave in much detail plaintiff's contentions with respect thereto. Parenthetically, we observe that the charge deals at length with the duty of a motorist to stop in obedience to a "Stop" sign. There is no evidence in the record that defendant did not stop before entering the Boulevard; he testified that he did stop. See *Dunlap v. Lee,* 257 N.C. 447, 126 S.E. 2d 62. With respect to defendant's factual and legal version of the case, the court read to the jury an excerpt from *Primm v. King,* 249 N.C. 228, 106 S.E. 2d 223, and later in the charge on the first issue gave (in about two pages of the record) general contentions of defendant, answering plaintiff's contentions with respect to defendant's conduct. Defendant's contentions with respect to the alleged negligent conduct of plaintiff are merely listed in about one-third of a page of the record. The evidence of defendant as to how the accident occurred is about equal in length to that of plaintiff. There is a glaring inequality in the stress given the contentions of the parties. *Brannon v. Ellis,* 240 N.C. 81, 81 S.E. 2d 196. With respect to the contributory negligence (second) issue, the court said: "The court will not repeat the evidence or contentions of the parties on the second issue because each makes the same contentions as to the other on the second issue that they do on the first . . ." The court merely submitted the issue to the jury for answer, explaining that plaintiff would be entitled to recover only if the answer to the first issue was "Yes" and the answer to the second issue "No." See *Therrell v. Freeman,* 256 N.C. 552, 124 S.E. 2d 522.

The court erred in nonsuiting defendant's counterclaim. There are many prejudicial errors in the charge.

New trial.