Link v. Link

These conclusions compel an affirmance of the judgment of the trial court.

Affirmed.

BROCK and GRAHAM, JJ., concur.

BLYTHE M. LINK v. JAMES C. LINK

No. 7026SC399

(Filed 5 August 1970)

1. **Fraud § 12— action to set aside transfer of stock — issue of fraud — sufficiency of evidence**

    In the wife's action to set aside on ground of fraud the transfer to her husband of her interest in corporate stock and debentures, the wife's evidence was sufficient to make out a *prima facie* case of fraud, thereby entitling her to go to the jury, where the evidence showed that (1) a relationship of trust and confidence had existed between the parties, and the wife had always relied upon the husband in business transactions; (2) the parties had separated as a result of the wife's disclosure to the husband of her love affair with another man; (3) the wife transferred to her husband her interest in the stocks and debentures while she was receiving psychiatric treatment and was emotionally distraught over the breakup of her marriage; (4) the wife received no consideration for the transfer and she was incapable of comprehending the value of the stocks transferred; and (5) the wife had no intention of making a gift to her husband of the stocks and debentures.

2. **Fraud § 13— fraudulent transfer of stock — issues**

    In the wife's action to set aside on ground of fraud the transfer to her husband of her interest in corporate stock and debentures, all the facets of the case could have been properly tried on the issue of fraud rather than on the additional issues of duress, undue influence, and gift.

3. **Rules of Civil Procedure § 51— instructions — substantial features of case — duty of trial court**

    It is incumbent upon the judge to declare and explain the law arising on the evidence as to all the substantial features of the case, without any special prayer for instructions to that effect, and a mere declaration of the law in general terms and a statement of the contentions of the parties is insufficient.

4. **Rules of Civil Procedure § 51— instructions — application of the law to the facts**

    The judge must apply the facts to the law for the enlightenment of the jury, that is, the judge must bring into view the relations of the

particular evidence adduced to the particular issues involved. G.S. 1A-1.

5. Fraud § 13 —fraud — instructions on issue

In the wife's action to set aside on ground of fraud the transfer to her husband of her interest in corporate stock and debentures, the trial court committed reversible error in failing to apply the facts as contended by the husband to the first three issues submitted to the jury.

APPEAL by defendant from *Anglin, J.,* 12 January 1970 Schedule "C" Civil Session of the MECKLENBURG County General Court of Justice, Superior Court Division.

This action was instituted to set aside a transfer of corporate stock in one corporation and three $1,000 face value, 5% debentures in another corporation.

The parties are husband and wife, and this action was brought by the wife. For convenience, the plaintiff, who is the wife, will be designated throughout as wife; and the defendant, who is the husband, will be designated throughout as husband.

The parties were married 21 October 1948. Of the marriage three children were born: two boys, one born in 1952 and the other born in 1954, and a daughter, born in 1957. Both parties are college graduates, having graduated from the University of Illinois. Throughout the marriage the wife has been a housewife and has not participated in any business ventures. The husband has been a successful businessman and has devoted all of his business career to the management of Royal Crown Bottling Company, Charlotte, North Carolina, a family corporation. The stock is owned by the husband, his father and uncle; and in addition, there is the corporate stock in dispute in this action. The husband at all times conducted the family business, paid all family bills and had prepared and filed all necessary tax returns. The wife was not interested in, and in no way participated in, any business transactions.

In 1956 the husband's grandfather gave three $1,000 face value, 5% debentures issued by Royal Crown Bottling Company of Houston, Texas, to the wife as a present.

In 1966 the husband's parents gave the parties in this action 295 shares of the capital stock of Royal Crown Bottling Company, Charlotte, North Carolina, as joint tenants with right

of survivorship. From the time of the receipt of these securities, both the stock and the debentures, they were kept by the husband in a lock box at the bank. The wife never went to the lock box, and at all times left the securities under the control and supervision of the husband.

In this action the wife asserts that the debentures have a value in excess of $3,000. The husband says they have a value of $3,000. The wife asserts that one-half of the 295 shares of stock, namely, 147½ shares, have a value in excess of $75,000. The husband says the value of the stock is not in excess of $43,564.13.

On 2 December 1967 the parties separated and are still living in a state of separation. The wife asserts that during the month of December 1967, when she was nervous and emotionally distraught due to the breakup of her marriage, the husband took advantage of her lack of business experience, her distraught condition and her trust and dependence upon him for financial and business guidance to effect a transfer to himself of her one-half interest in the 295 shares of stock and all of her interest in the three debentures. She asserts that the husband's conduct amounted to fraudulent concealment of the value of the securities being transferred and coercion, and she seeks to have the assignment declared null and void and her property returned to her.

The husband denies any fraudulent concealment or coercion or any misdoing on his part and asserts that the transfer of all of the securities involved was done freely and voluntarily and as an outright gift from his wife to himself.

The issues of fraud, duress, undue influence and gift were submitted to the jury. The jury answered the first three issues in the affirmative, finding that the transaction involved fraud, duress and undue influence and did not answer the fourth issue as to whether or not a gift had been made. Based upon the jury finding, a judgment was entered to the effect that the 295 shares of stock were owned as joint tenants with right of survivorship, and the husband was directed to effectuate such a transfer of the stock and to then deliver the stock certificate for the 295 shares to the wife. It was also adjudged that the wife is the sole owner of three $1,000 debentures, and the husband

was directed to return them to the wife, together with $450 interest that had been paid thereon from 15 December 1967.

From this judgment the husband appeals.

*Bradley, DeLaney and Millette by Ernest S. DeLaney, Jr., for plaintiff appellee.*

*Warren C. Stack for defendant appellant.*

CAMPBELL, J.

[1]    The evidence on behalf of the wife was to the effect that in November 1967 in an effort to effect a better marriage and family relationshp, she told her husband of a love affair she had had with another man. Following this disclosure, both wife and husband sought marriage counsel, and she sought psychiatric help. The husband left home on 2 December 1967 and has lived separate and apart from the wife since that date. She testified, "My husband had been in love with his business and himself and worked hard." While she was receiving psychiatric treatment and at a time when she was nervous and emotionally distraught over the breakup of the family relationship and her marriage, and at a time when she did not comprehend and was incapable of comprehending the value involved, she transferred her interest in the stock and all of the debentures to her husband. She received no consideration for this transfer and had not consulted with any attorney to advise her as to her rights. She had no intention whatsoever of making a gift to her husband, and later when she executed a gift tax return, she did not know that she was doing so and thought the gift tax return had something to do with the income tax returns which she had always signed in order to make a joint return with her husband because her husband desired to do it that way. She had always relied upon her husband in business matters and was still doing so in this instance.

The husband's evidence was to the effect that on 17 November 1967 his wife told him of an affair she had had with another man, and that she was in love with this man, and of her adulterous conduct with him. He moved out of the home on 2 December 1967, and since that time has lived separate and apart from his wife. On 5 December 1967 the wife's father came to Charlotte, and he and his wife and her father discussed business matters, including certain debentures. Sometime later during

---

Link v. Link

---

the month of December 1967, his wife told him that she wanted nothing to do with any debentures and signed a waiver of all of her rights in the debentures involved. Subsequently, and in the same month of December 1967, he went to the home to talk to his wife after having made an appointment to do so. At that time he took the stock certificate and told her, "This is the stock that my parents gave the two of us and I think that I should own it." His wife then said, "I don't want any part of your old company. Here, let me have it and I will sign it." The stock was then transferred on the books of the company, and while he had seen his wife from time to time thereafter, she never accused him of forcing her to transfer the stock or debentures or perpetrating any fraud whatsoever until the present action was instituted in October 1968. In April 1968 he had taken income tax returns and gift tax returns to his wife and had explained to her at that time the difference between making individual tax returns and joint returns; that the individual tax return would require a tax to be paid, both income and gift, whereas if a joint return should be made, no tax would have to be paid, and there would be a refund on the income tax return. The wife gladly and willingly signed the joint returns based upon this explanation, and she received one-half of the refund on income taxes. He asserted that the transfer of the stock and debentures had been an outright gift from the wife which she had made freely and voluntarily because she did not want to have anything to do with him or the company or his family; that she ratified the gift some four months later when she executed the gift tax return.

Based upon the allegations in the pleadings and the evidence on behalf of the wife, we think the wife made out a *prima facie* case entitling her to go to the jury on the issue of fraud. The evidence was ample to show that a relationship of trust and confidence existed between the parties, and the wife had always relied upon the husband in business transactions. This confidential relationship did not terminate with the moving out of the home by the husband on 2 December 1967. It is reasonable to assume that certainly during the month of December 1967, while the wife was seeking psychiatric treatment, she was continuing to rely upon her husband for business advice and guidance. The law in this regard is amply set forth in *Vail v. Vail*, 233 N.C. 109, 63 S.E. 2d 202 (1950). The assignments of error directed

towards the refusal of the trial court to direct a verdict in favor of the defendant are without merit.

[2]   The defendant assigns error in the instructions by the trial court to the jury and in the submission of four issues to the jury. These assignments of error have merit. We think that all facets of this case could be tried properly with one issue, namely, "Did the defendant procure the plaintiff's endorsement of the stock certificates and the debentures by fraud?"

[3-5]   The trial judge in the instant case gave the contentions of both parties. He likewise gave full instructions as to the applicable law. He did not, however, apply the facts as contended by the defendant to the first three issues which were submitted to the jury. It is incumbent upon the judge to declare and explain the law arising on the evidence as to all substantial features of the case, without any special prayer for instructions to that effect, and a mere declaration of the law in general terms and a statement of the contentions of the parties is insufficient. The judge must bring into view the relations of the particular evidence adduced to the particular issues involved. This is what is meant by the expression that the judge must apply the facts to the law for the enlightenment of the jury. G.S. 1A-1, Rule 51; *Therrell v. Freeman*, 256 N.C. 552, 124 S.E. 2d 522 (1962); *Bulluck v. Long*, 256 N.C. 577, 124 S.E. 2d 716 (1962).

New Trial.

BRITT and VAUGHN, JJ., concur.